1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR ROBLES,                          Case No. 1:20-cv-00355-NONE-HBK

12                    Plaintiff,             ORDER DENYING PLAINTIFF'S MOTION
                                             FOR RETURN OF PROPERTY
13          v.
                                             (Doc. No. 13)
14   A. FLORES, *Correctional Officer at Kern
     Valley State Prison* and M. ORTIZ,      ORDER DIRECTING CLERK TO
15   *Correctional Officer at Kern Valley State*  TERMINATE PENDING MOTION
     *Prison*,
16                                           (Doc. No. 8)
                     Defendants.
17

18          This matter comes before the court upon initial review of the file following its

19   reassignment to the undersigned on November 17, 2020.  (Doc. No. 19).  Plaintiff Arthur Flores is

20   a state prisoner proceeding *pro se* on his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

21   (Doc. Nos. 1, 5).  The former magistrate judge permitted service of the complaint on defendants

22   for allegedly violating Plaintiff's Eighth Amendment rights when they failed to protect Plaintiff

23   from an attempted suicide and for violating Plaintiff's Fifth and Fourteenth amendment rights

24   when they confiscated and refused to return Plaintiff's personal property.  (Doc. No. 9).  Plaintiff

25   seeks only monetary relief in his complaint.  (*See* Doc. No. 1 at 5).

26          Plaintiff moved on July 17, 2020, and again on September 30, 2020, for return of personal

27   property that apparently was confiscated following his suicide attempt and not yet returned to him

28

                                                    1

1    since his release from the hospital.  (Doc. Nos. 8, 13).  Plaintiff's July 17, 2020 filing (Doc. No.

2    8) was written as a letter addressed to Clerk of Court Keith Holland.  Under the Federal Rules of

3    Civil Procedure and this Court's Local Rules, all requests for a court order must be made by

4    motion and served on all parties to the action.  *See* Federal Rules of Civil Procedure 5(a)(1)(D),

5    7(b)(1); Local Rule 135(d).  The July 17, 2020 filing should not have been docketed as motion.

6    The Court nonetheless will decline to strike Plaintiff's July 17, 2020 filing and instead will direct

7    the Clerk to terminate it as a pending motion considering Plaintiff's subsequent motion (Doc. No.

8    13) seeking the same relief.

9           To the extent discernable, Plaintiff complains that his personal property which was taken

10   by officials when he attempted suicide has not been returned to him despite his efforts to obtain

11   the same through the procedures instituted by the prison.  (*See generally Id*.).  The personal items

12   of which Plaintiff complains, include personal photographs, religious items, clothing, cosmetics

13   and legal books, *inter alia*. (*Id*. at 3).  Plaintiff suggests that the refusal to return the items is being

14   done in retaliation for his filing grievances and the instant complaint stemming from defendants'

15   failure to provide him medical care to prevent his suicide.  (*Id* at 1, 3).  Defendants have not filed

16   a response to the motion.

17          To the extent, Plaintiff requires his legal materials to prosecute this case, he should notify

18   officials of his need to access his legal materials.  The Court notes that this case is at the

19   discovery stage and, if Plaintiff's inability to access his legal materials is hindering his discovery

20   efforts, Plaintiff may seek an extension to the discovery deadline, if appropriate.  To the extent

21   that Plaintiff believes officials are refusing to return his personal property in retaliation for the

22   instant action, Plaintiff is required to initiate a new complaint if he wishes to proceed on a First

23   Amendment retaliation claim, after he has exhausted his administrative remedies for this new

24   claim.  *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  Alternatively, if Plaintiff

25   seeks preliminary injunctive relief, he is required to file a properly supported motion.  The Court

26   notes, however, Plaintiff sought only monetary relief in connection with his personal property that

27   was destroyed.  Plaintiff should nonetheless be aware that when a prisoner alleges a prison

28   official engaged in an "unauthorized intentional deprivation of property," the prisoner cannot

2

state a constitutional claim if the state provides an adequate post-deprivation remedy.  *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Zinermon v. Burch,* 494 U.S. 113, 129–32 (1990).  In California, prisoners seeking return of property can pursue their return pursuant to the California Tort Claims Act.  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).  Plaintiff therefore may wish to pursue his personal property claim through the post-deprivation remedies provided under California law.

Accordingly, it is ORDERED:

1. Plaintiff's motion for return of property (Doc. Nos.13) is DENIED.

2. The Clerk of Court shall terminate Plaintiff's pending motion requesting the same relief (Doc. No. 8).

IT IS SO ORDERED.

Dated: ___June 9, 2021___

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3