UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ROBLES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. FLORES, *Correctional Officer at Kern Valley State Prison* and M. ORTIZ, *Correctional Officer at Kern Valley State Prison*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00355-NONE-HBK<br><br>ORDER REFERRING CASE TO POSTSCREENING ADR AND STAY OF CASE FOR 90 DAYS |

　　　　This matter comes before the court upon *sua sponte* review of the file. Plaintiff Arthur Robles is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 1). The court screened Plaintiff's complaint and directed service upon Defendants. (Doc. No. 9). Defendants answered Plaintiff's complaint on October 19, 2020. (Doc. No. 14).

　　　　The court refers all civil rights cases filed by *pro se* inmates to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

　　　　The court, therefore, STAYS this action for 90 days to allow the parties to investigate

Plaintiff's claims, meet and confer, and participate in an early settlement conference.  The court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference.  However, if after investigating Plaintiff's claims and meeting and conferring either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. This action is **STAYED for 90** days to allow the parties an opportunity to settle their dispute before the discovery process begins.  No pleadings or motions may be filed in this case during the stay.  The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

3. **Within 30 days** from the date of this order, either party may file notice indicating their belief that settlement is not achievable at this time.  If either party opts out of the settlement conference the court will issue a discovery and scheduling order.

4. If neither party opts out, the assigned Deputy Attorney General SHALL **within 45 days** of this Order contact the undersigned's Courtroom Deputy Clerk at kdunbar-kari@caed.uscourts.gov to schedule the settlement conference.  Before doing so, defense counsel should confirm with Plaintiff's institution that Plaintiff will have access to Zoom on their proposed date for the settlement conference.

5. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

6. The Clerk of Court shall serve Deputy Attorney General Janet Nah Chen and Supervising Deputy Attorney General Lawrence Bragg with a copy of Plaintiff's complaint (Doc No. 1); the court's screening order and (Doc No. 9); and this Order.

7. The parties are obligated to keep the court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

////

1  IT IS SO ORDERED.

3  Dated:   June 9, 2021

                                        HELENA M. BARCH-KUCHTA
                                        UNITED STATES MAGISTRATE JUDGE